M. PATTERSON v. J. W. KNAPP ET AL.

No. 1711. Decided May 22, 1907.

**School Land—Sale—Lease—Cancellation.**

Leased school land was sold to the assignee of the lease as a settler, and payment of rent by him discontinued, but no formal cancellation of the lease entered. A claimant whose subsequent application to purchase had been rejected sued for the land, asserting that the first purchase was void because the purchaser was not an actual settler, and that the attempted sale to him worked a cancellation of the lease. Held, that, if the sale was void, the State had still a right to treat the lease as subsisting, and the plaintiff could not recover, having the burden of showing that the land was on the market and his application wrongfully rejected. (Pp. 587–589.)

Error to the Court of Civil Appeals for the Third District, in an appeal from Coke County.

Patterson sued Knapp and others and judgment went for defendants. Plaintiff appealed, and, on affirmance, obtained writ of error.

*Brightman & Upton* and *Wright & Wynn,* for plaintiff in error.— The evidence showed a cancellation of the lease—at least raised the issue and required its submission. Batts' Ann. Stats., arts. 4218u, 4218v; Acts of 1901, p. 296; West v. Terrell, 96 Texas, 548; Trimble v. Burroughs, 14 Texas Ct. Rep., 753.

*Hill & Lee,* for defendants in error.—Appellant's evidence being insufficient to warrant a verdict in his favor the court properly instructed a verdict for the defendant. Sayles' Rev. Stats., art. 4218v; Stokes v. Riley, 68 S. W. Rep., 703; Irwin & Sanders v. Mayes, 73 S. W. Rep., 33; Anderson v. Terrell, 76 S. W. Rep., 433; Bradford v. Brown, 84 S. W. Rep., 392; Davis v. Tillar, 74 S. W. Rep., 921; Smith v. McLain, 96 Texas, 568; Trevey v. Lowrie, 78 S. W. Rep., 18; Tolleson v. Rogan, 96 Texas, 424; Trevey v. Lowrie, 14 Texas Ct. Rep., 75.

WILLIAMS, ASSOCIATE JUSTICE.—This action was brought by the plaintiff in error, in trespass to try title, to recover of defendants in error certain land which had belonged to the public school fund and which was claimed by plaintiff under rejected applications to purchase from the State, and by the defendants, who are the administrator and heirs of C. W. Knapp, deceased, under purchases made by him from the State prior to plaintiff's application, and also under a lease from the State, which they claim was in force when plaintiff applied to purchase, if Knapp's purchases were ineffectual.

The trial court instructed a verdict for defendants and its action was affirmed by the Court of Civil Appeals.

The facts, upon which the decision must depend, stated in the order of time in which they occurred, are as follows: The lease in question was executed to Knapp, Williams and Rapley, covering sections 24 and 26, the land in controversy, and also section 40, and was for ten years from July 10, 1896. The rent due under this lease was regularly paid

up to and including July 10, 1898. This lease was assigned by the lessees to C. W. Knapp on August 28, 1899, and on the same day he made out his applications to purchase section 40, as his home section, and sections 24 and 26 as additional land, which, with the assignment of the lease, were filed in the land office August 30, 1899. On the 10th day of October, 1899, the Commissioner addressed letters to the State Treasurer and to the County Clerk of Coke County, instructing them to note on their records the cancellation of the lease because of sales to Knapp. No formal certificate of cancellation appears to have been filed by the Commissioner in his office in accordance with the statute as for non-payment of rent. (Art. 4218v.) On the 23d day of November, 1899, the Commissioner accepted Knapp's application to purchase and awarded to him the three sections applied for. The first installment of the purchase money and all of the annual installments of interest have been regularly paid by Knapp as purchaser, and none of the rent which would have accrued under the lease, had it been treated as still in force, was paid after July 10, 1898. After this cause had been pending nearly two years, the rent, which would have accrued under the lease, was tendered to and rejected by the State Treasurer. C. W. Knapp died in January, 1901. Plaintiff made two sets of applications for sections 24 and 26, December 20, 1901, and April 28, 1902, respectively, and in all respects complied with the law so as to entitle him to an award unless he should be defeated by the prior lease or purchases of Knapp. Plaintiff's applications were rejected by the Commissioner because of the sale to Knapp. Plaintiff attacked the prior purchase upon the ground that, at the time and for some time after they were made, Knapp was not an actual settler on section 40, applied for as his home section, which fact, it is claimed, rendered all of the purchases void; and he introduced evidence tending to establish the fact thus relied on. The defendants met this by the contention that, if the sales to Knapp were void, his lease remained in force when plaintiff's applications were filed and that it was therefore not within the power of the Commissioner to sell to plaintiff without Knapp's consent; and it was upon this ground the Court of Civil Appeals affirmed the action of the trial court in instructing a verdict.

In granting the writ of error we thought the evidence that Knapp was not an actual settler was sufficient to raise an issue for the decision of the jury as to the validity of his purchase, and that the facts stated were sufficient to have authorized a finding that the lease had been cancelled with his consent and abandoned by him. We have reached the conclusion, however, that under former decisions the proposition last stated can not be maintained. We are unable to distinguish this case, in principle, from those of Pruitt v. Scrivner, 77 S. W. Rep., 976, and Trevey v. Lowrie, 14 Texas Ct. Rep., 75, in which the holdings of Courts of Civil Appeals were approved by this court upon applications for writs of error. In the examination of the present case we were at first inclined to question the soundness of those decisions, but mature consideration of the subject has led to the conclusion that they should be adhered to. When the holder of a lease makes a valid purchase of land included in it, his obligations as purchaser are substituted for those of lessee, and the land purchased is necessarily taken out of the operation of the

lease. The lease, therefore, comes to an end in its effect upon such land without any cancellation, and the regulation in the statute of the cancellation of leases for non-payment of rent has no application. But how is it when the attempted sale proves to be absolutely void because the Commissioner was without power to make it to the person who applied for it? Logically, it would not be correct to say that a void contract of sale and purchase has the legal effect of destroying, by its own force, an existing valid contract of leasing. Therefore, if the rights of the parties under the lease are to be held to have ceased, it must be because of something in their conduct beyond their futile attempt to substitute a different contract. If only the attitude of the person attempting to make such a purchase were to be regarded, there would, perhaps, be no injustice in holding him to the position in which by his misconduct, he has put himself, and in giving to such misconduct the effect of an abandonment of his relation as lessee and an assumption of that of purchaser and in recognizing only such rights as he has as purchaser. But we must also consider the rights of the State. In such cases as this, its officers had power only to sell to one who was an actual settler and that officer consented to substitute the obligation of purchaser for that of lessee in the belief and upon the representation that the person applying to purchase was such a settler, when in fact he was not. The State is therefore not bound by the action of the Commissioner in attempting to make the sale. That action is void and leaves in existence the right of the State to insist upon its lease contract. Evidently it might still have asserted that right when plaintiff attempted to purchase, and was therefore not bound to give it up in order to allow a third person to buy the land during the term of the lease, whether it might have done so or not. After discovery of the nullity of the sale, it had taken no action to avoid the lease or to offer the land for sale to others, and, hence, it can not be held that the land was on the market when plaintiff applied to purchase. It was taken off the market for the term of the lease when it was executed, and the evidence adduced and offered by the plaintiff did not show any facts which would have the effect of themselves. to restore it. Matters were still in a condition in which the State had the rights of a lessor, if it chose to exercise them; and hence its officer was not bound to sell to plaintiff. As the latter relied upon rejected applications it was necessary that he show that when they were rejected he had an absolute right to purchase and this he failed to do.

*Affirmed.*